**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | | |
|---|---|---|
| **PATRICK A. RISHA,** | : | Bankruptcy No. 05-39908 BM |
| | : | |
| **Debtor** | : | Chapter 7 |
| *************************** | | |
| **SOUTH ALLEGHENY SCHOOL DISTRICT,** | : : : | |
| **Movant** | : : | |
| v. | : : | Doc. # 10: Motion To Enforce The Automatic Stay |
| **PATRIC A. RISHA and KAREN RISHA,** | : : : | |
| **Respondents** | : | |

Appearances:   John P. Vetica Jr., Esq., for Movant
James A. Protsko, Esq., for Respondent/Debtor
John P. Lacher, Esq. for Respondent/Karen Risha
Matthew Jarrell, Esq. for Robert H. Slone, Esq., Chapter 7 Trustee

## MEMORANDUM OPINION

South Allegheny School District ("SASD") has brought a motion to "enforce" the automatic stay in effect in this case. SASD asserts that an order issued in a divorce proceeding between debtor and his former wife which directs SASD to turn over a severance payment it owes to debtor to divorce counsel for debtor's former wife is subject to the automatic stay and is void *ab initio*.

Debtor and his former wife oppose the motion. They maintain that the order falls within the scope of an exception to the automatic stay and is enforceable.

We conclude that because the exception in question to the automatic stay does not apply, the order issued in the divorce proceeding violates the automatic stay and consequently is void *ab initio*. SASD will be directed to turn the payment over to the chapter 7 trustee for distribution to debtor's creditors in accordance with the Bankruptcy Code.

## FACTS

Debtor previously was married to Karen Risha. He also was Superintendent of SASD.

Karen Risha commenced a divorce proceeding against debtor in the Family Division of the Court of Common Pleas of Allegheny County, Pennsylvania. In the complaint, filed on March 11, 2002, she requested alimony, equitable distribution and payment of her attorney's fees.

Debtor and SASD entered into an agreement on March 12, 2004, whereby debtor's employment by SASD as Superintendent would terminate on September 21, 2004. They further agreed that debtor would receive severance pay totaling $249,679.20 in two equal installments. The net amount of each installment was $78, 266.62.

The first installment, which apparently is not at issue here, was paid at some unknown time prior to July 31, 2004. The second installment was due on July 31, 2004.

On June 2, 2004, several months after the agreement between debtor and SASD was reached, debtor and Karen Risha executed a consent order which sought to resolve all outstanding issues in their divorce proceeding. The court having jurisdiction over the divorce proceeding approved the consent order on June 4, 2004.

Paragraph 11 of the consent order provided that the severance payment from SASD debtor was scheduled to receive on July 31, 2004, would be paid over to Karen Risha. SASD was to deliver the check to counsel for Karen Risha in the divorce proceeding and debtor would endorse it and return it to her counsel. Paragraph 12 provided that, in the event debtor filed a bankruptcy petition, the payment due from SASD on July 31, 2004, "shall be irrefutably characterized as for the support and maintenance of Wife and shall not be dischargeable in bankruptcy".

Debtor filed a voluntary chapter 7 petition on October 15, 2005. The schedules accompanying the petition identified assets with a total declared value of $2,930. They also identified liabilities, all of them unsecured, totaling $411, 972. Karen Risha was not listed as a creditor.

The court with jurisdiction over the divorce proceeding issued an order on December 27, 2005, enforcing the consent order. SASD was directed to deliver to Karen Risha's attorney any check payable to debtor under the above severance agreement between SASD and debtor. Debtor was directed to endorse the check and turn it over to Karen Risha's attorney. The court issuing the order had no knowledge at that time of debtor's bankruptcy filing.

SASD brought an emergency on December 28, 2005, requesting the state court that had issued the order to vacate it in light of debtor's bankruptcy filing. The motion was denied on December 29, 2005.

Finally, on December 30, 2005, SASD brought a motion in this court to "enforce" the automatic stay. The order of December 27, 2005, SASD asserts, was in violation of the

automatic stay and consequently was void *ab initio*. The chapter 7 trustee subsequently joined in SASD's motion.

Debtor and Karen Risha oppose the motion by SASD. They assert that the payment in question is in the nature of alimony, maintenance or support of Karen Risha and that it is not property of debtor's bankruptcy estate in light of orders issued by the court with jurisdiction over the divorce proceeding.

When it became obvious at oral argument on the motion that the parties to the dispute had no interest in having an evidentiary hearing and that we were not in a position to decide the matter on the basis of the record as it then existed, we directed the parties to submit a stipulation of facts and briefs in support of their positions.

The parties showed as little enthusiasm for submitting a stipulation and briefs as they did for having an evidentiary hearing. After considerable procrastination, they submitted a stipulation concerning the facts. They did not, however, see fit to submit briefs. Obviously preferring to proceed "on the cheap", the parties have left the court to fend for itself in framing the issue presented here and then resolving it.

## ANALYSIS

Section 362(a) of the Bankruptcy Code provides in part as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301 ... of this title ... operates as a stay, applicable to all entities, of ---
    (1) the commencement or continuation ... of a judicial ... action
    or proceeding against the debtor that was or could have been
    commenced before the commencement of the case under this
    title ....

11 U.S.C. § 362(a).

The stay provided by § 362(a) is self-executing – i.e., automatic. The debtor does not have to formally request that it be issued or applied to a specific proceeding. *ACandS, Inc. v. Travelers Casualty and Surety Co.*, 435 F.3d 252, 259 (3d Cir. 2006). It applies without regard to whether other parties to a proceeding against a debtor in bankruptcy are aware that debtor has filed a bankruptcy petition. *Constitution Bank v. Tubbs*, 68 F.3d 685, 691 (3d Cir. 1995).

The automatic stay serves a two-fold purpose. It protects a debtor by stopping all collection efforts and harassment and gives the debtor an opportunity to attempt to reorganize or simply be relieved of the financial pressures that precipitated bankruptcy in the first place. The automatic stay also protects creditors by preventing certain among them from taking unilateral action against debtor to the detriment of other creditors. *Maritime Electric Company v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991).

The automatic stay put in place by § 362(a) is broad in its scope. It applies to all judicial proceedings against a debtor in bankruptcy. *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982).

Judicial action taken against a debtor in bankruptcy action in a non-bankruptcy forum generally is void *ab initio* unless relief from stay is granted in accordance with § 362(d). Not all such actions taken against a debtor, however, necessarily are void *ab initio*. Section 362(d) permits retroactive application of relief from stay and permits its annulment under certain conditions. Such actions are voidable rather than void *ab initio*. *Constitution Bank*, 68 F.3d at 692 n.6.

The generalization that the automatic stay applies to *all* judicial proceedings against a debtor in bankruptcy in a non-bankruptcy forum is subject to certain exceptions. One such exception is found at § 362(b)(2)(B), which provides in part as follows:

> (b) The filing of a petition under section 301 ... of this title ... does not operate as a stay --- ....
>    (2) under subsection (a) of this section ....
>       (B) of the collection of alimony, maintenance or support from property that is not property of the estate.

11 U.S.C. § 362(b)(2)(B).

It is not necessary to seek and obtain relief from the automatic stay if § 362(b)(2)(B) applies. The stay does not apply to the types of action described therein. *Johnston v. Parker (Matter of Johnston)*, 321 B.R. 262, 274 (D. Ariz. 2005).

The automatic stay in this case took effect when debtor filed a voluntary chapter petition on October 15, 2005, some ten weeks *before* the court with jurisdiction over the divorce proceeding between debtor and Karen Risha issued its order on December 27, 2005. In that order, SASD was directed to deliver to Karen Risha's divorce counsel the second payment owed to debtor under the severance agreement between debtor and SASD. For his part, debtor was directed to endorse the check and return it to her counsel.

As we understand it, the issue presented here is whether the order of December 27, 2005, falls within the scope of the automatic stay as provided for at § 362(a) or falls within the scope of the exception set forth at § 362(b)(2)(B). SASD asserts that the order falls squarely within the scope of § 362(a) and asks that the automatic stay be "enforced". Although SASD does not express this reasoning, as they have expressed no reasoning in support of this request, they must be saying that SASD has no obligation to provide

support to Karen Risha. To the contrary, they had an obligation to Debtor relating to the termination of his contract. Debtor and Karen Risha assert that the order falls within the scope of the exception to the automatic stay at § 362(b)(2)(B).

The language employed in § 362(b)(2)(B) is straightforward. By its express terms, § 362(b)(2)(B) applies only to: (1) an action to collect alimony, maintenance or support; (2) from property that is not property of the bankruptcy estate.

Whereas the automatic stay itself is broad in its scope, the exceptions thereto found at § 362(b) should be read narrowly to secure the broad grant of relief the automatic stay provides. *Stringer v. Huet (In re Huet)*, 847 F.2d 549, 552 (9th Cir. 1988).

As was previously noted, the parties to this dispute have provided the court with little or no assistance in deciding this question in this instance. They summarily have dumped the matter in the court's lap and left the court to fend for itself in finding an answer. In particular, they have provided no assistance in determining whether the second of the above requirements of § 362(b)(2)(B) is satisfied in this instance. Debtor and Karen Risha simply assert in a conclusory manner that the second payment owed to debtor by SASD under the severance agreement between debtor and SASD is not property of debtor's bankruptcy estate. SASD asserts in an equally conclusory manner that the payment is property of debtor's bankruptcy estate.

After considering the matter at length, we conclude on the basis of the record before us that the second requirement of § 362(b)(2)(B) is not satisfied here. The second payment called for in the severance agreement, which was due to be paid on July 31, 2004, is property of debtor's bankruptcy estate.

Section 541(a) of the Bankruptcy Code prescribes what qualifies as property of the bankruptcy estate. It provides in part as follows:

> (a) The commencement of a case under section 301 ... of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case ....

11 U.S.C. § 541(a).

The primary thrust of the bankruptcy Code is to secure for creditors everything of value a debtor in bankruptcy may possess in alienable or leviable form as of the commencement of the bankruptcy case. To accomplish this objective, the term "property" is construed generously. *Segal v. Rochelle*, 382 U.S. 375, 379, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). All interests, including contingent and future interests, are included. *Pension Transfer Corp. v. Beneficiaries Under the Third Amendment to Freuhauf Trailer Corp. Retirement Plan (In re Freuhauf Trailer Corp.)*, 444 F.3d 203, 211 (3d Cir. 2006).

To our astonishment, none of the parties to this dispute has seen fit to provide us with a copy of the severance agreement between debtor and SASD.

What we do know, however, leads us to infer that debtor had, at a minimum, a legal interest in the second installment due from SASD when he filed his chapter 7 petition. We so infer from the order of December 27, 2005, which directed SASD to deliver the check *payable to debtor* to divorce counsel for Karen Risha and directed debtor to *endorse* the check and return it to her divorce counsel.

Neither debtor nor Karen Risha came forth with anything to undercut this conclusion. They merely asserted, without providing any elaboration, that some unspecified order of the court having jurisdiction over their divorce proceeding in some unspecified way deprived debtor of any property interest in the second installment from SASD. We are not willing to divine what debtor and Karen Risha have in mind when they assert this.

We do not, for instance, construe paragraph 11 of the consent order as amounting to an absolute assignment by debtor to Karen Risha of his interest in the second severance payment from SASD. Debtor merely agreed that Karen Risha would receive the second payment and that he would execute any documents required by SASD to implement the consent order. Without something more, this falls short in our estimation of an absolute assignment. Debtor and Karen Risha offered nothing which would lead us to conclude otherwise.

We conclude in light of the foregoing that the second of the above requirements of § 362(b)(2)(B) is not satisfied in this instance. The property from which Karen Risha sought to collect the debt owed to her by debtor – i.e., the second severance payment due from SASD – is property of debtor's bankruptcy estate.

It therefore is not necessary to consider whether the first requirement of § 362(b)(2)(B) – i.e., that Karen Risha sought to collect maintenance or support from debtor when she obtained the order of December 27, 2005, – is satisfied in this instance. Whether she was seeking to collect alimony or maintenance from debtor is of no consequence here.

The proceeding Karen Risha brought against debtor to collect the debt he owed her and the resulting order of December 27, 2005, in other words, were subject to the automatic stay that took effect when debtor filed his bankruptcy petition on October 15, 2005. Because Karen Risha did not seek and obtain relief from the automatic stay pursuant to § 362(d) of the Bankruptcy Code before initiating the proceeding to collect the debt, the resulting order issued on December 27, 2005, is in violation of the automatic stay and is void *ab initio*. *Constitution Bank*, 68 F.3d at 692 n.6.

Instead of having to comply with that order, SASD will be directed to turn over the second severance payment to the chapter 7 trustee, who will then distribute the funds to debtor's pre-petition creditors in accordance with the provisions of the Bankruptcy Code.

An appropriate order shall issue.

                                              **/s/**
                                    **BERNARD MARKOVITZ**
                                    U.S. Bankruptcy Judge

Dated: **July 11, 2006**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | | |
|---|---|---|
| **PATRICK A. RISHA,** | : | Bankruptcy No. 05-39908 BM |
| | : | |
| **Debtor** | : | Chapter 7 |
| ***************************** | | |
| **SOUTH ALLEGHENY SCHOOL DISTRICT,** | : | |
| | : | |
| **Movant** | : | |
| | : | |
| v. | : | Doc. # 10: Motion To Enforce The Automatic Stay |
| **PATRIC A. RISHA and KAREN RISHA,** | : | |
| | : | |
| **Respondents** | : | |

## ORDER OF COURT

**AND NOW**, this **11th** day of **July**, 2006, in accordance with the above memorandum opinion, it hereby is **ORDERED, ADJUDGED** and **DECREED** the order of December 27, 2005, issued by the Family Division of the Court of Common Pleas of Allegheny County, Pennsylvania, violates the automatic stay in this bankruptcy case and consequently is **VOID *ab initio***. South Allegheny School District **SHALL** turn over to the chapter 7 trustee in this case the second installment payment owed to debtor in accordance with the March 12, 2004, agreement between debtor and South Allegheny School District.

It is **SO ORDERED**.

/s/
**BERNARD MARKOVITZ**
U.S. Bankruptcy Judge

- 2 -

Copies of this Memorandum Opinion and Order of Court shall be served on the following parties:

    Honorable Eugene Scanlon
    Patrick A. Risha
    Karen Risha
    John P. Vetica Jr., Esq.
    James A. Protsko, Esq.
    Robert H. Slone, Esq.
    John F. Cambest, Esq.
    Luke Kelly, Esq.
    Office of United States Trustee